Garni and Lindley, JJ.
(dissenting in part). We respectfully dissent in part. We agree with the majority that Supreme Court properly determined that issues of fact exist with respect to negligence and proximate cause. We further agree that the court erred in denying that part of the motion of Jordan-Elbridge Central School District (defendant) seeking dismissal of the complaint, as amplified by the bill of particulars, to the extent that the complaint alleges that defendant was negligent based on its violation of various provisions of the Vehicle and Traffic Law. Unlike the majority, however, we conclude that defendant owed no duty of care to plaintiffs daughter. We therefore would reverse the order and grant in its entirety defendant’s motion for summary judgment dismissing the complaint and cross claim against it.
It is well settled that the duty owed by defendant to the child was “coextensive with and concomitant to its physical custody of and control over the child” (Pratt v Robinson, 39 NY2d 554, 560 [1976]; see Norton v Canandaigua City School Dist., 208 AD2d 282, 285-286 [1995], lv denied 85 NY2d 812 [1995], rearg denied 86 NY2d 839 [1995]). At the time of the accident, defendant had not assumed physical custody of the child and she thus remained “out of the orbit of its authority” (Pratt, 39 NY2d at 560). Defendant thus owed no duty to the child in this situation, “and, absent duty, there can be no liability” (Norton, 208 AD2d at 288).
*1268 We reject plaintiff’s contention that defendant assumed a duty to the child as a consequence of the “potentially hazardous situation” allegedly created by the school bus driver in turning the bus around after missing the bus stop (Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 671 [1999], rearg denied 93 NY2d 1042 [1999]). Unlike the defendant school district in Ernest, here defendant did not release the child from its custody and control into a situation of immediate and foreseeable danger (cf. id. at 671-672; McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County, 179 Misc 333, 335-336 [1941], affd 264 App Div 943 [1942], affd 289 NY 800 [1943]). In fact, the child was never in defendant’s custody or control on the day of the accident. Instead, the child was and remained in the custody and care of plaintiff, her mother, who was at home at the time of the accident. Plaintiff has cited no cases, and we could find none, where a school district was found to owe a duty of care to a child who was not in its custody at the time of the injury or who was not released from the school district’s custody into a hazardous condition that caused the child’s injury.
Finally, as the majority concludes, the child’s individualized education program did not give rise to a duty on the part of defendant to ensure that she was safe while waiting outside her home for the bus to arrive in the morning (cf. Troy v North Collins Cent. School Dist., 267 AD2d 1023, 1023 [1999]). Present— Scudder, P.J., Centra, Garni, Lindley and Sconiers, JJ.